IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America )<br>)<br>vs. )<br>)<br>Fredrick Belcher, )<br>)<br>           Movant. ) | Cr. No. 8:01-956-HMH<br><br>**OPINION & ORDER** |

This matter is before the court on Fredrick Belcher's ("Belcher") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On July 2, 2002, Belcher pled guilty to possession with intent to distribute five grams or more, but less than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On October 29, 2002, Belcher was sentenced to 235 months' imprisonment. Belcher appealed his conviction and sentence. On April 23, 2003, the United States Court of Appeals for the Fourth Circuit affirmed Belcher's conviction and sentence. United States v. Belcher, No. 02-4891, 2003 WL 1919604, at *1 (4th Cir. Apr. 23, 2003) (unpublished). On July 22, 2004, Belcher filed a § 2255 motion alleging various ineffective assistance of counsel claims. The court summarily dismissed Belcher's motion on August 20, 2004. United States v. Belcher, Cr. No. 8:01-956, C/A No. 8:04-2440-20 (D.S.C. Aug. 20, 2004) (unpublished). On December 29, 2005, the Fourth Circuit dismissed Belcher's appeal. United States v. Belcher, No. 05-6565, 2005 WL 3555952, at *1 (4th Cir. Dec. 29, 2005) (unpublished). On July 8, 2014, Belcher filed a § 2255 motion alleging that he was improperly sentenced as a career offender, which was dismissed as successive on July 29, 2014.

1

Belcher appealed and the Fourth Circuit dismissed the appeal for failure to prosecute on October 7, 2014.

On June 17, 2016, the United States Court of Appeals for the Fourth Circuit granted Belcher's application requesting permission to file a second or successive § 2255 motion in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

In granting Belcher's request to file a second or successive § 2255 motion, the Fourth Circuit found that

> Belcher has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. See In re Hubbard, __ F.3d __, No. 15-276 (4th Cir. June 8, 2016).

In re Belcher, No. 16-379 (4th Cir. June 17, 2016) (unpublished). Belcher has filed a § 2255 motion seeking relief under Johnson. (§ 2255 Mot., generally, ECF Nos. 83 & 91.) Therefore, this matter is ripe for consideration.

Belcher alleges that he was improperly sentenced as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 pursuant to Johnson. In Johnson, the United States Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Id. at 2563. The United States Court of Appeals for the Fourth Circuit has not decided whether Johnson applies to career offenders sentenced under the U.S.S.G. In re Hubbard, No. 15-276, 2016 WL 3181417, at *7 (4th Cir. June 8, 2016) (finding that "application of Johnson to [18 U.S.C.] § 16(b) as incorporated into the Sentencing Guidelines **might** render the career-offender residual clause [of the U.S.S.G.] that was applicable at the time [the movant] was sentenced unconstitutional"

2

(emphasis added)). Further, the court need not decide that issue in the case at bar. Even assuming Johnson applies to career offender enhancements under the U.S.S.G., it would afford Belcher no relief. Belcher still qualifies as a career offender under the U.S.S.G. because he has at least two predicate convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). Belcher's South Carolina conviction for possession with intent to distribute in paragraph 43 of his Presentence Investigation Report ("PSR") qualifies as a controlled substance offense. United States v. Brown, No. 15-4278, 2016 WL 66553, at *2 (4th Cir. Jan. 5, 2016) (finding that Johnson "has no impact on [a defendant's] predicate serious drug offenses"). Further, Belcher's conviction for pointing or presenting a firearm in paragraph 45 of the PSR qualifies as a crime of violence. United States v. King, 673 F.3d 274, 280 (4th Cir. 2012) (finding that "conviction for pointing and presenting a firearm in violation of [S.C. Code Ann. §] 16-23-410 was for an offense that 'has as an element the . . . threatened use of physical force against the person of another,' U.S.S.G. § 4B1.2(a)(1), and therefore qualifies as a 'crime of violence' under the first clause of the Guidelines definition of that term"); U.S.S.G. § 4B1.2(a). Based on the foregoing, Belcher was properly sentenced as a career offender. Accordingly, Belcher's § 2255 motion is without merit and is dismissed.

Therefore, it is

**ORDERED** that Belcher's § 2255 motion, docket numbers 83 and 91, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Belcher has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 6, 2016

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.